UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSA CHAVARRIA )<br>Plaintiff )<br> )<br>v. )<br> )<br>DILUIGI'S, INC., and ROBERT )<br>CAPEZZUTO )<br>Defendants )<br> ) | Civil Action No. 05-CV-10808-NG<br>#63729<br>AMOUNT $<br>SUMMONS ISSUED ☑<br>LOCAL RULE 4.1 —<br>WAIVER FORM —<br>MCF ISSUED —<br>BY DPTY. CLK. M.P.<br>DATE 4/22/05 |

**COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES
AND JURY DEMAND**

MAGISTRATE JUDGE JGD

I.   **INTRODUCTION.**

This is an action for unlawful sexual discrimination and sexual harassment in violation of state and federal law, and includes common law claims for assault and battery, intentional infliction of emotional distress and other related claims. This case arises out of Plaintiff's employment during which she was repeatedly sexually assaulted by the general manager of the Company, Defendant Robert Capezzuto.

II.   **JURISDICTION**

The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e). This court has pendent jurisdiction over Plaintiff's state law claims.

III.   **PARTIES.**

1.   The Plaintiff, Elsa Chavarria is an adult resident of East Boston, Massachusetts.

1

2. The Defendant, DiLuigi's, Inc., is a corporation with a principle place of business in Danvers, Massachusetts.

3. The Defendant, Robert Capezzuto is a director of Diluigi's, Inc., and has at all times relevant hereto served as general manager of Defendants' plant operation at 41 Popes Lane, Danvers, Massachusetts.

IV. STATEMENT OF FACTS.

4. Plaintiff was employed as a meat packer at Defendant, DiLuigi's, Inc., from 1996 until she was terminated on or about July 14, 2004. The Defendant is a maker of specialty sausage, which product is distributed through out the United States.

5. At all times relevant hereto, the plant manager has been Robert Capezzuto, who is listed as a "Director" of DiLuigi's Inc.

6. Sometime in 2001, Defendant Capezzuto approached the Plaintiff and requested that she meet with him in an empty lunch room at work. When they were alone, Mr. Capezzuto began to touch the Plaintiff in a sexual way, and did sexually assault her.

7. Several weeks thereafter, Mr. Capezzuto approached the Plaintiff again, followed her into the bathroom and again sexually assaulted her.

8. Thereafter, Defendant Capezzuto sexually assaulted Plaintiff over and over again for several years up through the end of June, 2004.

9. Towards the end of June, 2004, the Plaintiff refused Mr. Capezzuto's sexual advances. Immediately thereafter, Capezzuto took Plaintiff off her work schedule, and reassigned her to work in the cold area of the plant, a

2

very difficult place to work. Thereafter, on or about July 12, 2004, Plaintiff noticed that she had been taken off the work schedule entirely.

10. Plaintiff inquired of Mr. Capezzuto why she had been taken off of the work schedule. Mr. Capezzuto refused to answer, and Plaintiff then said that she believed it was because she had refused to permit him to sexually assault her anymore.

11. Two days later, Mr. Capezzuto terminated the Plaintiff from her job at DiLuigi's, Inc.

V. ADMINISTRATIVE FILINGS

12. Plaintiff has filed claims of discrimination for both sexual harassment and retaliation with the Massachusetts Commission Against Discrimination, and the Equal Employment Opportunities Commission.

## COUNT I

(Title VII of the Civil Rights Act of 1964)

13. The action of the Defendants as set forth above constitute illegal discrimination based on sex and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000(e).

## COUNT II

(Chapter 151B, §4)

14. The actions of the Defendants as set forth above constitute illegal sex discrimination and sexual harassment in violation of MGL Chapter 151B, §4.

## COUNT III

(Sexual Harassment - Chapter 214, §1C)

15. The actions of the Defendants as set forth above constitute illegal sexual harassment under MGL Chapter 214, §1C.

## COUNT IV

(Retaliation – Title VII)

16. The actions of the Defendants as set forth above in terminating the Plaintiff after she refused to have further sexual relations with Defendant Capezzuto, and after she complained about such harassment, constitute unlawful retaliation in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 USC §2000(e) et seq.

## COUNT V

(Chapter 151B – Retaliation)

17. The actions of the Defendants as set forth above in terminating the Plaintiff after she refused to have further sexual relations with Defendant Capezzuto, and complaining about such harassment, constitute unlawful retaliation in violation of the anti-retaliation provisions of MGL Chapter 151B, §4.

## COUNT VI

(Assault and Battery)

18. The conduct of Defendant Robert Capezzuto as set forth above constitutes unlawful assault and battery in violation of the common law.

## COUNT VII

(Intentional Infliction of Emotional Distress)

19. The actions of Defendant Robert Capezzuto as set forth above constitute intentional infliction of emotional distress in violation of the common law.

## COUNT VIII

(Negligent Infliction of Emotional Distress)

20. The actions of Defendant Capezzuto as set forth above constitute negligent infliction of emotional distress.

## COUNT IX

(Tortuous Interference with Advantageous Business Relations)

21. The actions of Defendant Capezzuto as set forth above constitute tortuous interference with advantageous business relations in violation of the common law.

## JURY DEMAND

22. Plaintiff demands a trial by jury on all claims for which such jury trial is appropriate.

WHEREFORE, the Plaintiff demands judgment against the Defendants for back pay, front pay, lost fringe benefits, compensatory and punitive damages, and attorneys fees and costs, all as provided for by law.

Respectfully submitted,

ELSA CHAVARRIA,
By her attorneys,

_____
Harold L. Lichten, BBO #549689
Amy Carlin, BBO #648336
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

Dated: April 22, 2005

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Elsa Chavarria

**DEFENDANTS**
DiLuigi's, Inc., and Robert Capezzuto

**(b)** County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Harold L. Lichten    (617) 367-7200
Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan
18 Tremont Street, Suite 500
Boston, MA 02108

05CV10808 NG

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title VII-42 USC sec.2000(e) - Sex Discrimination

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 4/22/05    SIGNATURE OF ATTORNEY OF RECORD  Harold L. Lichten /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Elsa Chavarria v. DiLuigi's, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

   05 CV 10808 NG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES      (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES      (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES      (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES      NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Harold L. Lichten
ADDRESS Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, 18 Tremont St., Ste. 500
TELEPHONE NO.    (617) 367-7200                    Boston, MA 02108

(Cover sheet local.wpd - 11/27/00)