UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ELSA CHAVARRIA
        Plaintiff

v.

DILUIGI'S, INC. and ROBERT CAPEZUTTO
        Defendants

CIVIL ACTION NO. 05-10808 NG

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ROBERT CAPEZUTTO TO PLAINTIFF'S COMPLAINT

Defendant Robert Capezutto, ("Defendant Capezutto") answers the Complaint and Jury Demand as follows:

## I.    INTRODUCTION

Defendant Capezutto denies the allegations of the Introduction.

## II.    JURISDICTION

This unnumbered paragraph states a conclusion of law to which no response is necessary, except that Defendant Capezutto denies that the Court has pendent jurisdiction over the state law claims.

## III.    PARTIES

1.    Defendant Capezutto denies the allegations contained in paragraph 1.

2.    Defendant Capezutto admits that DiLuigi's, Inc. is a corporation with a principal place of business in Danvers, Massachusetts.

3.    Defendant Capezutto admits that he is a Director of DiLuigi's, Inc. and has served as General Manager of the Danvers plant since May 2002.

## IV.  STATEMENT OF FACTS

4. Defendant Capezutto admits that plaintiff worked as a meatpacker at DiLuigi's, Inc. since 1996 and that she was terminated on or about July 12, 2004. Defendant Capezutto admits the remaining allegations contained in paragraph 4.

5. Defendant Capezutto admits that he has served as General Manager since 2002 and is a Director of the company.

6. Defendant Capezutto denies the allegations of paragraph 6.

7. Defendant Capezutto denies the allegations of paragraph 7.

8. Defendant Capezutto denies the allegations of paragraph 8.

9. Defendant DiLuigi's denies the allegations of paragraph 9. Defendant DiLuigi's admits that plaintiff was terminated on July 12, 2004.

10. Defendant Capezutto denies the allegations of paragraph 10.

11. Defendant Capezutto denies the allegations of paragraph 11.

## V.  ADMINISTRATIVE FILINGS

12. Defendant Capezutto admits that he had notice of the administrative charges.

## COUNT I

### (Title VII of the Civil Rights Act of 1964; Against Both Defendants)

13. Defendant Capezutto denies the allegations contained in paragraph 13.

## COUNT II

### (Chapter 151B, §4; Against Both Defendants)

14. Defendant Capezutto denies the allegations contained in paragraph 14.

## COUNT III

### (Sexual Harassment – Chapter 214, §1C; Against Both Defendants)

15. Defendant Capezutto denies the allegations contained in paragraph 15.

## COUNT IV

### (Retaliation – Title VII; Against Both Defendants)

16.     Defendant Capezutto denies the allegations contained in paragraph 16.

## COUNT V

### (Chapter 151B – Retaliation; Against Both Defendants)

17.     Defendant Capezutto denies the allegations contained in paragraph 17.

## COUNT VI

### (Assault and Battery; Against Capezutto)

18.     Defendant Capezutto denies the allegations contained in paragraph 18.

## COUNT VII

### (Intentional Infliction of Emotional Distress; Against Capezutto)

19.     Defendant Capezutto denies the allegations contained in paragraph 19.

## COUNT VIII

### (Negligent Infliction of Emotional Distress; Against Capezutto)

20.     Defendant Capezutto denies the allegations contained in paragraph 20.

## COUNT IX

### (Tortuous [sic] Interference with Advantageous Business Relations; Against Capezutto)

21.     Defendant Capezutto denies the allegations contained in paragraph 21.

### **AFFIRMATIVE DEFENSES:**

### **FIRST AFFIRMATIVE DEFENSE**

Defendant Capezutto says that each count of the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which belief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The defendants had legitimate nondiscriminatory business reasons for terminating the plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiff has failed to mitigate her damages.

**FOURTH AFFIRMATIVE DEFENSE**

All allegations in the complaint that occurred outside Massachusetts General Laws Chapter 151B's and Title VII's statutes of limitations should be dismissed, as they are untimely.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant Capezutto says that the plaintiff's complaint against him should be dismissed pursuant to M.G.L. Chapter 231, Section 6F, insofar as the complaint is frivolous in nature.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant Capezutto says that the plaintiff is barred from any recovery on Counts VI, VII and VIII by the exclusivity provisions of the Workers' Compensation Act, M.G.L. Chapter 152.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant Capezutto says that Counts II (Chapter 151B, §4) and III (Sexual Harassment – Chapter § 214, §1C) are mutually exclusive, in that the exclusivity provision of G.L. c. 151B bars a claim under G.L. 214, §1C, therefore plaintiff's claim under G.L. 214, §1C is barred under G.L. c. 151B.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant Capezutto says that Counts I and IV should be dismissed because there is no individual liability under Title VII.

ROBERT CAPEZUTTO

By his attorneys,

/s/ Rebecca J. Wilson
Philip M. Cronin, BBO #106060
Rebecca J. Wilson, BBO #529980
Robert J. O'Keefe, BBO #655653
*PEABODY & ARNOLD LLP*
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100

Dated this 26th day of May, 2005.

## *CERTIFICATE OF SERVICE*

      I, Rebecca J. Wilson, hereby certify that I, this 26th day of May, 2005, served by first class mail, postage prepaid, a copy of the foregoing document upon the following counsel of record:

Harold L. Lichten, Esq.
Amy Carlin, Esq.
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont Street, Ste. 500
Boston, MA 02108

                                            /s/ Rebecca J. Wilson
                                            Rebecca J. Wilson

PABOS2:ROKEEFE:614999_1