UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSA CHAVARRIA<br><br>                    Plaintiff<br><br>v.<br><br>DILUIGI'S, INC. and ROBERT<br>CAPEZUTTO<br>                    Defendant | CIVIL ACTION NO. 05-10808 NG |

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DILUIGI'S, INC. TO
PLAINTIFF'S COMPLAINT

Defendant DiLuigi's, Inc., ("Defendant DiLuigi's") answers the Complaint and Jury
Demand as follows:

## I.      INTRODUCTION

Defendant DiLuigi's denies the allegations of the Introduction.

## II.      JURISDICTION

This unnumbered paragraph states a conclusion of law to which no response is necessary,
except that Defendant DiLuigi's denies that the Court has pendent jurisdiction over the state law
claims.

## III.      PARTIES

1.      Defendant DiLuigi's denies the allegations contained in paragraph 1.

2.      Defendant DiLuigi's admits that it is a corporation with a principal place of
business in Danvers, Massachusetts.

3.      Defendant DiLuigi's admits that Defendant Capezutto is a Director of DiLuigi's,
Inc. and has served as General Manager of the Danvers plant since May 2002.

## IV.    STATEMENT OF FACTS

4.    Defendant DiLuigi's states that plaintiff worked as a meatpacker at DiLuigi's since 1996 and that she was terminated on or about July 12, 2004.  Defendant DiLuigi's admits the remaining allegations contained in paragraph 4.

5.    Defendant DiLuigi's admits that Robert Capezutto has served as General Manager since May 2002 and is a Director of the company.

6.    Defendant DiLuigi's denies the allegations of paragraph 6.

7.    Defendant DiLuigi's denies the allegations of paragraph 7.

8.    Defendant DiLuigi's denies the allegations of paragraph 8.

9.    Defendant DiLuigi's denies the allegations of paragraph 9.  Defendant DiLuigi's admits that plaintiff was terminated on July 12, 2004.

10.    Defendant DiLuigi's denies the allegations of paragraph 10.

11.    Defendant DiLuigi's denies the allegations of paragraph 11.

## V.    ADMINISTRATIVE FILINGS

12.    Defendant DiLuigi's admits that it had notice of the administrative charges.

## COUNT I

### (Title VII of the Civil Rights Act of 1964; Against Both Defendants)

13.    Defendant DiLuigi's denies the allegations contained in paragraph 13.

## COUNT II

### (Chapter 151B, §4; Against Both Defendants)

14.    Defendant DiLuigi's denies the allegations contained in paragraph 14.

## COUNT III

### (Sexual Harassment – Chapter 214, §1C; Against Both Defendants)

15.    Defendant DiLuigi's denies the allegations contained in paragraph 15.

## COUNT IV

### (Retaliation – Title VII; Against Both Defendants)

16.    Defendant DiLuigi's denies the allegations contained in paragraph 16.

## COUNT V

### (Chapter 151B – Retaliation; Against Both Defendants)

17.    Defendant DiLuigi's denies the allegations contained in paragraph 17.

## COUNT VI

### (Assault and Battery; Against Capezutto)

18.    The allegations contained in paragraph 18 are not directed toward Defendant DiLuigi's and require no answer by it.

## COUNT VII

### (Intentional Infliction of Emotional Distress; Against Capezutto)

19.    The allegations contained in paragraph 19 are not directed toward Defendant DiLuigi's and require no answer by it.

## COUNT VIII

### (Negligent Infliction of Emotional Distress; Against Capezutto)

20.    The allegations contained in paragraph 20 are not directed toward Defendant DiLuigi's and require no answer by it.

## COUNT IX

### (Tortuous [sic] Interference with Advantageous Business Relations; Against Capezutto)

21.    The allegations contained in paragraph 21 are not directed toward Defendant DiLuigi's and require no answer by it.

WHEREFORE, Defendant DiLuigi's says that the plaintiff's complaint against it should be dismissed and that judgment should enter for the Defendant DiLuigi's together with its costs.

### AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

Defendant DiLuigi's says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which belief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendants had legitimate nondiscriminatory business reasons for terminating the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

All allegations in the complaint that occurred outside Massachusetts General Laws Chapter 151B's and Title VII's statute of limitations should be dismissed, as they are untimely.

### FIFTH AFFIRMATIVE DEFENSE

Defendant DiLuigi's says that the plaintiff is barred from any recovery on Counts VI, VII and VIII by the exclusivity provisions of the Workers' Compensation Act, M.G.L. Chapter 152.

### SIXTH AFFIRMATIVE DEFENSE

Defendant DiLuigi's says that Counts II (Chapter 151B, §4) and III (Sexual Harassment – Chapter § 214, §1C) are mutually exclusive, in that the exclusivity provision of G.L. c. 151B bars a claim under G.L. 214, §1C and therefore plaintiff's claim under G.L. 214, §1C is barred by G.L. c. 151B.

DILUIGI'S INC.

By its attorneys,

/s/ Rebecca J. Wilson
Philip M. Cronin, BBO #106060
Rebecca J. Wilson, BBO #529980
Robert J. O'Keefe, BBO #655653
*PEABODY & ARNOLD LLP*
30 Rowes Wharf
Boston, MA  02110
(617) 951-2100

Dated this 26th day of May, 2005.

### *CERTIFICATE OF SERVICE*

I, Rebecca J. Wilson, hereby certify that I, this 26th day of May, 2005, served by first class mail, postage prepaid, a copy of the foregoing document upon the following counsel of record:

Harold L. Lichten, Esq.
Amy Carlin, Esq.
Pyle, Rome, Lichten, Ehrenberg
     & Liss-Riordan, P.C.
18 Tremont Street, Ste. 500
Boston, MA 02108

/s/ Rebecca J. Wilson
Rebecca J. Wilson

PABOS2:ROKEEFE:614962_1